# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| JAVIER ENRIQUE MENESES MARADIAGA,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN et al.,<br><br>Respondents. | Case No. 5:26-cv-03023-DFM<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I. INTRODUCTION

On June 2, 2026, Petitioner Javier Enrique Meneses Maradiaga filed a counseled Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking a bond hearing or release from immigration detention. See Dkt. 1 ("Petition"). On June 10, 2026, Respondents filed their Answer. See Dkt. 8 ("Answer").

For the reasons set forth below, the Petition is **GRANTED**. Petitioner shall receive a bond hearing within seven (7) days.

## II. BACKGROUND

Petitioner is a noncitizen detained at the Immigration Detention Center Facility in Adelanto, California. See Petition ¶ 1. Petitioner was placed in removal proceedings in November 2022 and charged with entering the United States without inspection pursuant to 8 U.S.C. § 1182(a)(6)(A)(i) (entry

without inspection). See id. ¶¶ 2, 28. Petitioner was released from immigration custody on an Order of Recognizance. See id. ¶ 29.

Petitioner asserts violations of 8 U.S.C. § 1226(a) and the Fifth Amendment, and seeks a bond hearing or release. See id. ¶¶ 35-41. Respondent acknowledges that "Petitioner appears to be a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz" and does not oppose a bond hearing. See Answer at 1-2.

## III.   DISCUSSION

A federal court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas jurisdiction extends to noncitizens challenging the lawfulness of their immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).

### A.   Petitioner Is a *Bautista* Bond Eligible Class Member

In Maldonado Bautista v. Santacruz, 813 F. Supp. 3d 1084 (C.D. Cal. 2025), the district court certified the "Bond Eligible Class," defined as:

> All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.

Id. at 1127.

On December 18, 2025, the Bautista court entered final declaratory judgment that Bond Eligible Class members "are detained under 8 U.S.C. § 1226(a), are not subject to mandatory detention under § 1225(b)(2), and are entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge."

Bautista v. Noem, No. 25-1873, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025).

Based on the record before the Court, Petitioner fits the class definition. Petitioner entered the United States without inspection or parole. See Petition ¶¶ 1-2, 36. Respondent agrees that Petitioner is a Bautista Bond Eligible Class Member and does not point to any charge or determination that would subject him to detention under § 1226(c), § 1225(b)(1), or § 1231. See Answer at 1-2.

Petitioner is thus a Bond Eligible Class member.

**B.      The Remedy Is a Bond Hearing**

"Typically, the remedy afforded to members of the Bond Eligible Class is consideration for a bond hearing under 8 U.S.C. § 1226(a)." Procopio v. Mullin, No. 26-1793, 2026 WL 1045658, at *3 (C.D. Cal. Apr. 13, 2026); see also Bautista, 2025 WL 3678485, at *1. Consistent with recent practice in this District, the Court should order Respondents to provide Petitioner with an individualized bond hearing under § 1226(a), with explicit instruction to the Immigration Judge that Bautista governs and that the Court has jurisdiction to consider release on bond, and to release Petitioner if no such hearing is timely provided. See Engonga v. Noem, No. 25-03479, 2025 WL 3764077, at *3 (C.D. Cal. Dec. 23, 2025) ("Courts in this District have generally ordered in similar cases" that a bond hearing be held within seven days).

## IV.   ORDER

The Petition is **GRANTED**.

Respondents are ORDERED to (1) provide Petitioner with an individualized bond hearing before an Immigration Judge under 8 U.S.C. § 1226(a) within seven (7) days, with instructions that the Immigration Judge has jurisdiction under § 1226(a) to consider release on bond; (2) release Petitioner from custody if he is not timely provided with the aforementioned hearing; and (3) file a status report within ten (10) days detailing if and when

the hearing occurred, if bond was granted or denied, and if bond was denied, the reasons for denial.

Date: June 11, 2026

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge

4